# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT G. SAUCEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CV. NO. SA-12-CV-01094-DAE |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss brought by Defendant Wells Fargo Bank, N.A. ("Defendant"). (Doc. # 2.) After careful consideration, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

On or about August 31, 2004, Plaintiff Robert Sauceda ("Plaintiff") entered into a loan transaction which was secured by a mortgage encumbering real property located at 9910 Shady Meadows, San Antonio, Texas 78245 (the "Subject Property"). ("Mot.," Doc. # 2 ¶ 2.) The Deed of Trust was recorded the Official Public Records of Bexar County. (Id.)

1

On November 5, 2012, Plaintiff filed suit in Texas state court seeking equitable relief in the form of an accounting and an injunction preventing the foreclosure sale of the Subject Property scheduled for November 6, 2012. (Doc. #1 Ex. C.) Plaintiff obtained an ex parte temporary restraining order preventing Defendant from "posting or selling Plaintiff's homestead at auction." (Id.)

On November 19, 2012, Defendant removed the instant case to federal court. (Doc. # 1.) On November 28, 2012, Defendant filed a Motion to Dismiss. (Doc. # 2.) Plaintiff did not file any Response in Opposition.

STANDARD OF REVIEW

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the

parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

## DISCUSSION

In his pleading, Plaintiff seeks "a complete accounting of the sums paid and a reasonable opportunity to satisfy or reinstate Plaintiff's mortgage note owing to Defendant." (Mot. Ex. C ¶ 8.) In support of this request, he alleges that Defendant acted in bad faith by "failing to negotiate fairly and justly toward fixing the extent of and curing any default [on the mortgage]." (Id. ¶ 6.)

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App. 2001). To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting. T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n, 79 S.W.3d 712, 717 (Tex. App. 2002). An action for an accounting is a proper action "when the facts and accounts in issue are so complex that adequate relief cannot be obtained by law." Hutchings v. Chevron U.S.A., 862 S.W. 2d 752, 762 (Tex. App. 1993) (citing Richardson v. First Nat'l

Life Ins. Co., 419 S.W.2d 836, 838 (Tex. 1967)).  Granting an accounting is within the discretion of the trial court.  Sw. Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 809 (Tex. App. 1994).

In the instant case, Plaintiff has not argued that the facts surrounding his mortgage payments "are so complex that adequate relief cannot be obtained by law."  Thus, to the extent that Plaintiff seeks to pursue a stand-alone equitable action for an accounting, he has not plead sufficient facts to warrant such an action.

Additionally, to the extent Plaintiff appears to argue that an accounting might serve as a remedy for some type of "bad faith" claim, his action for an accounting fails because he fails to state a claim for bad faith.  The Texas Supreme Court has expressly refused to impose an obligation of good faith and fair dealing on the performance of contracts absent a "special relationship marked by shared trust or an imbalance in bargaining power."  See Arnold v. Nat'l Cnty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987); see also City of Midland v. O'Bryant, 18 S.W.3d 209, 215 (Tex. 2000).  Moreover, "[t]he relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."  FDIC v. Coleman, 795 S.W.2d 706, 708–09 (Tex. 1990) (citing English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983)).  In the instant case, Plaintiff does not even plead a formal cause of action for the tort of bad faith, let alone allege some kind of

"special relationship" with Defendant that would give rise to a bad faith claim under Texas law. As such, Plaintiff has failed to state a claim for bad faith, and the remedy of an action for accounting must therefore also fail.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. # 2.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, February 25, 2013.

_____
David Alan Ezra
Senior United States District Judge